## SUPREME COURT.

The Rector, &c., of Trinity Church, in the city of New York agt. Israel Cook.

Where the lessee covenants to pay all taxes, &c., of what nature or kind soever, which shall be imposed on the demised premises during the term, he, or his assignee, who takes subject to such covenants, is bound to pay an *assessment for benefit* to the premises on widening the street, although the part of the premises taken is assessed an equal amount for *damages* to the *owner*.

*New York Special Term, December*, 1860.

Demurrer to answer.

This complaint states that on the 21st of April, 1852, the plaintiffs, by indenture of lease, demised to Frederick Schwartz a lot of land on the northerly side of Reade street, for the term of twenty-one years, from May 1st, 1852, and the lessee, for himself and his assigns, covenanted that he or they would bear, pay and discharge all such duties, taxes, assessments and payments, of what nature or kind soever, as should, during said term, be imposed on or grow due or payable out of, or for or by reason of the said demised premises, or any part or parcel thereof; that on the 22d of April, 1852, the lessee assigned said lease and term to the defendant, subject to the covenants in the lease, and defendant accepted such assignment and entered upon the premises; that in May, 1856, an ordinance was passed for widening Reade street, on the northerly side, and by regular proceedings, according to law, the part of said demised premises not taken for such widening was duly assessed for benefit derived from such widening, the sum of $2,000; which assessment, on the 26th of March, 1859, (on the confirmation of the commissioners' report,) was imposed on and grew due and payable out of and for and by reason of the part of the demised premises not taken for the widening; that the defendant was then assignee and holder of

said lease and demised term, and plaintiffs, on the 10th of December, 1859, made demand on him to pay said assessment, which defendant omitted to do; and plaintiffs were obliged to pay, and on the 29th of February, 1860, did pay the same, and for which sum, with interest they demand judgment.

The defendant, by answer, states that the commissioners of estimate and assessment in said proceedings, did not assess him for any benefit or advantage to his interest in the premises, but they awarded to plaintiffs, as reversioners, for damages to said lot, $1,750, and assessed them, for benefit in respect to said lot, $2,000; and that the defendant, before the commencement of this action, tendered to plaintiffs $195 for the excess of the assessment over said award, calculated as to the balance of the lot after deducting the part taken for the improvement; which plaintiffs refused to receive.

To this answer plaintiffs have demurred.

G. M. OGDEN, *for plaintiffs.*
JAMES T. BRADY, *for defendant.*

BONNEY, Justice.   The question raised and argued in this case is whether or not the covenant in the lease above mentioned applies to and makes the lessee or his assigns liable to pay the said assessment of $2,000 for the widening of Reade street.   The covenant is " that the lessee and his assigns shall and will bear, pay and discharge all such duties, taxes, assessments and payments of what nature or kind soever as shall, during the term, be imposed on or grow due or payable out of or by reason of the said demised premises, or any part or parcel thereof;" and the statement in the complaint (which is not denied) is that by said proceedings for widening Reade street, taken while defendant was assignee of said lease and term, this assessment of $2,000 was imposed on and grew due and payable out of

and for and by reason of the part of the demised premises not taken for said widening.

This statement brings the assessment clearly within the terms of the covenant, which runs with the land and binds the assignee. (*Astor* agt. *Hoyt*, 5 *Wend.*, 603; *Astor* agt. *Miller*, 2 *Paige*, 69; *Kearney* agt. *Post*, 1 *Sand. S. C. R.*, 105; *Childs* agt. *Clark*, 3 *Barb. Ch. R.*, 52.) But defendant says the commissioners did not assess him for any benefit to his interest in the premises, but they awarded to the plaintiffs, as reversioners, for damages to the premises, $1,750, and assessed them for benefit in respect thereto $2,000; and he insists that these facts relieve the defendant from the obligation of the covenant.

The act to reduce several laws relating particularly to the city of New York, into one act passed April 9, 1813, provides (§ 178) that in cases of opening or widening streets, &c., the commissioners appointed for that purpose shall make an estimate and assessment of the damage (if any) over and above the benefit, or of the benefit (if any) over and above the damage, as the case may be, to the respective owners, lessees, and persons respectively entitled to, or interested in the lands required for the purpose of the improvement, and in making their report shall state and report the excess and surplus only of the damage over benefit, or of benefit over damage, as the case may be to such owners, lessees and persons respectively; and (§ 181) that when part only of any lot or premises then under lease or other contract, shall be taken for the improvements, all contracts and engagements respecting the same shall, upon the confirmation of the report, cease and be discharged as to the part so taken, but remain valid as to the residue : and the rents or payments reserved or payable in respect of the same, shall be equitably apportioned.

Under this act, if now in force, it is conceded, that the defendant would be liable to pay the excess of damage over benefit which would have been assessed and reported by

the commissioners against the plaintiffs, as owners of the premises subject to the lease.

By the act passed April 20th, 1839, to amend the act before mentioned, (*Laws of* 1839, *p.* 182) it is provided(§ 3) that it shall be the duty of such commissioners to report fully and separately the amount of loss and damage, and of benefit and advantage to each and every owner, lessee and person entitled to or interested in any lands or premises required for the purpose of any such improvement, and so much of the act of 1813 as is inconsistent with the provision is (by § 13) repealed.

The defendant now insists that the amount which by and under the proceedings in question has been awarded and paid to the plaintiffs, as stated in the answer, for damage by reason of said proceedings, to their estate and interest in the premises described in said lease, should be deducted from the amount assessed upon such estate and interest, and the balance of said assessment only, (or rather an equitable part of such balance,) should be charged upon the defendant.

I can see no ground for sustaining this position. This lease was made since 1839, and it is to be presumed with reference to this law passed in that year. It is conceded that the proceedings for widening Reade street have been regular, and that the law authorizing and regulating such proceedings has been observed and executed. It follows that in that part of the demised premises taken for the improvement, there has been awarded and paid to defendant the value of his lease, with interest thereon, and to plaintiffs the value of their estate, subject to said lease. In relation to the residue of the premises there has been assessed and reported the amount of benefit to the defendant as lessee (if any,) and to the plaintiffs as owners, subject to the lease, of such residue. And the rent to be paid by defendant to plaintiffs under the lease, subsequent to the improvement, has been, or will be, equitably apportioned.

The part of the premises taken for the improvement must, I think, be regarded as entirely out of the case. That part has been by superior right (that of eminent domain) taken from both these parties, and both have been paid for their respective estates and interests therein. The lease, with all its covenants, remains in full force as to the residue of the premises, and the amount of rent to be paid for such residue, from the time of the improvement to the end of the term, has been equitably adjusted; and this question now presented must be, in my opinion, decided in the same way as if this residue had been the whole premises originally demised. As I understand the case, it is conceded that this assessment of $2,000 is imposed upon and payable by reason of said residue of the demised premises remaining subject to the lease, and it is not alleged that any sum has been paid or awarded to the plaintiffs as owners, or by reason or on account of said residue.

In my judgment the covenant in the lease applies to and includes this assessment, and makes the defendant liable therefor; and the statements of the answer are not sufficient to relieve him from such liability, or to entitle him to any deduction from the amount claimed against him.

The plaintiffs must have judgment on the demurrer, with leave to defendant to amend his answer in twenty days on payment of costs.