(17 Misc. Rep. 641)

### ARTHUR et al. v. HARTY.

(Supreme Court, Special Term, New York County. July, 1896.)

1. STREET ASSESSMENTS—DEDUCTION FROM AWARD FOR LAND TAKEN.

A sum estimated as the benefits to property resulting from widening a street, and deducted from the award for a portion of the same property taken in the proceeding, is an assessment, within a covenant contained in a lease of such property which requires the lessee to pay "all assessments" on the demised premises, though Laws 1882, c. 410 (Consolidation Act) § 970, provides that a just and equitable assessment of the loss and damage, if any, over and above benefit and advantage, shall be made, as such section must be read in connection with section 975, requiring the commissioners to report fully and separately the amount of loss and damage, and all benefit and advantage to each and every owner, lessee, party, and person.

2. SAME—APPORTIONMENT BETWEEN LESSOR AND LESSEE.

The fact that the commissioners in a proceeding to widen a street apportioned an assessment between the lessor and the lessee of the property assessed does not affect the rights of the lessor under a covenant in the lease requiring the lessee to pay all assessments on the leased property.

Action by Mary H. Arthur and others against Honora Harty. Judgment for plaintiffs.

Eugene Smith, for plaintiffs.
John Vincent, for defendant.

BEEKMAN, J. The plaintiffs sue to recover the sum of $835.70, being the amount paid by them to the city for an assessment which, as they claim, has been made against them in respect to the premises 205 Greenwich street, in a certain proceeding instituted on behalf

of the mayor, aldermen, and commonalty of the city of New York, for the widening and extension of College place. The defendant is the owner of a leasehold interest in said premises under a lease made by the plaintiffs, which contains the following covenant:

"That the said parties of the second part, their executors, administrators, or assigns, shall and will, during the said term hereby created, or any renewal thereof, well and truly pay, or cause to be paid, any and all taxes, assessments, or water rents that may be laid, levied, charged, or assessed upon or against said demised premises, or any part thereof, as and when the same shall severally become or be due and payable, or within at least three months thereafter, and that in all things they will observe and comply with all ordinances, laws, rules, and regulations of the municipal authorities of the city of New York, or any of them, in relation to the use, occupancy, and care of said premises, and of every part and parcel thereof, and of the buildings erected or to be erected thereon, and will pay, or cause to be paid, all fines or penalties or other charges that may be levied, assessed, or charged upon or against said premises, or any part thereof, or upon or against the buildings erected or to be erected thereon, or any of them, for or by reason of any failure to comply with, or infraction of, such ordinances, laws, rules, and regulations, as and when the same shall severally become or be due and payable."

The defendant resists the action on the ground that no tax or assessment was levied or imposed upon the demised premises, or any part of the same, in the proceedings above mentioned, within the meaning and intent of this covenant, by reason of the fact that the amount awarded to the plaintiffs for the portion of the demised premises taken in such proceedings exceeded the amount charged against them for benefit in respect to the remainder of the property, and that the confirmation of the report of the commissioners of estimate and assessment resulted in a determination only that the plaintiffs were entitled to a certain sum as an award for damage, representing a net amount after deducting from the estimated value of the property taken a sum determined by them to be the pecuniary benefit of the improvement to the plaintiffs in respect to the portion of the premises not taken. In support of this contention, defendant's counsel relies upon the provisions of section 970 of the New York City consolidation act (Laws 1882, c. 410), which requires commissioners of estimate and assessment in such proceedings to make "a just and equitable estimate and assessment of the loss and damage, if any, over and above benefit and advantage, or benefit and advantage, if any, over and above the loss and damage, as the case may be," to the owners of the premises required for the purposes of the improvement. But this is to be read in connection with section 975, which makes it the duty of the commissioners, in all cases, to report fully and separately to the court the amount of loss and damage, and of benefit and advantage, to each and every owner, lessee, party, and person entitled unto or interested in any lands, tenements, hereditaments, or premises required for the purposes of any such operation or improvement. It is plain, therefore, that the commissioners are in all cases to make two separate and distinct determinations,—one, which shall give the estimated value of the property taken; the other, which shall state in dollars and cents the exact amount of benefit enjoyed by the property not taken by reason of the improve-

ment. Although the damage may exceed the amount of benefit, the latter is none the less an assessment mulcting the owner in that amount, and diminishing pro tanto the sum which he is constitutionally entitled to have by reason of the taking of his property for a public use. The process by which an offset is to be made by the commissioners is one having relation solely to the convenience of the parties, and is a method of providing for the discharge of the counter-claim, so to speak, which the corporation has by reason of the obligation resting upon the property owner of contributing towards the cost of the proceeding. If no such obligation on his part exist, if no such charge or assessment be laid upon him, then the conclusion is irresistible that he is receiving less than that to which he is constitutionally entitled, namely, just compensation for his property which has been taken. But the statute is perfectly plain. The property owner to whom an award is made for property taken, which has been diminished by an amount estimated to be his fair proportion of the benefit of the improvement in respect to the portion of his land not taken, is as much subjected to an assessment as any other property owner affected by the same improvement, who is assessed for benefit, but to whom no award for land taken has been made. The fact may further be noted that section 989 of the consolidation act requires the report of the commissioners to state these separate details: On the one hand, the estimated damage for the taking of lands; and, on the other hand, the estimated benefit or assessment imposed upon property deemed to be benefited by the improvement. And when the report is confirmed, as I have said, a property owner entitled to an award, although that award may exceed the amount of his proportionate part of the assessment for benefit, is and has been as much assessed in respect to the improvement as if no award had been made to him. Trinity Church v. Cook, 11 Abb. Prac. 371.

It appears from the proofs that the amount of this assessment has been paid by the plaintiffs, under the long-continued practice on the part of the city in dealing separately with assessments and awards made in respect to the same persons. Under the view which I have taken of the matter, I think it clear that the amount in question was an assessment which had been "charged or assessed upon or against" a portion of the demised premises, within the meaning and intent of the parties to the lease, and that the defendant is liable therefor to the plaintiffs, under the covenant above referred to. The total assessment made in respect to the demised premises was $855.70, which was apportioned by the commissioners, as between the leasehold estate and the reversion, by imposing $20 upon the former, and $835.70 upon the latter. It is contended by counsel for the defendant that this is a conclusive determination, binding upon the plaintiffs, which precludes them from asserting any claim against the owner of the leasehold estate for the amount of the assessment imposed upon the reversion. I do not consider this contention sound. The cause of action arises out of the covenant contained in the lease, by which the tenant, in terms, agrees to pay whatever tax, assess-

ment, or similar charge may be imposed upon the reversion. The commissioners found two estates in the property,—a leasehold estate, which was vested in the defendant, and the reversionary estate in fee, subject to the lease, which was vested in the plaintiffs. Each estate, according to its value, was subjected to an appropriate portion of the assessment for benefit affecting the entire property, and each owner was thus called upon to pay that which appropriately constituted a charge upon his own property. But there is nothing in this which in any way precludes the operation of the agreement which the lease contains, under which the tenant agrees to pay charges which otherwise would rest exclusively upon his landlord. There is nothing, therefore, in the plaintiffs' cause of action which is inconsistent with the report of the commissioners. In fact, the statute under which the proceedings in question were instituted seems to have carefully provided against any such contention as this, by providing that nothing contained therein should affect "any agreement between landlord and tenant or any other contracting parties respecting the payment of any such assessment or charges," but that they should be answerable to each other "in the same manner as if the provisions in this title contained concerning the same had never been made."

The lease in question was made for a term of 21 years, with provision for a renewal, or the purchase by the landlord of the building, which belongs to the tenant, the rent which is reserved being a ground rent. It was plainly within the contemplation of the parties that this rental should be a net sum, and should not be subject to any diminution by reason of any of those charges or impositions by way of taxes, assessment, or penalty which grow out of the ownership, occupation, and use of real estate. It is plainly stipulated that all of such charges shall be borne by the tenant, who has his compensation in the increased rental value which may reasonably be expected from the property. Stripping the matter of all technicalities, the fact is beyond dispute that the plaintiffs are out of pocket in the sum of $835.70 by reason of the fact that the commissioners of estimate and assessment have subjected them, as owners of the demised premises, to the payment and discharge, in some form at least, of that amount upon an assessment of the same as their proportionate share of benefit resulting from the widening of College place; and I think it equally clear that there is an obligation on the part of the defendant to make good this amount to the plaintiffs, under the covenant in question, according to its plain meaning and intent.

It follows, therefore, that there must be judgment for the plaintiffs, with costs.