**John Cerny et al., Plaintiffs in Error, v. Jednota Cesky Dam, Defendant in Error.**

**Gen. No. 14,208.**

1. FRATERNAL BENEFIT SOCIETIES—*scope of charter need not be co-extensive with statute.* It is entirely competent for a fraternal benefit society to restrict the object of its benevolence to fewer than the classes authorized by the enabling statute.

2. FRATERNAL BENEFIT SOCIETIES—*scope of powers of.* A fraternal benefit society is limited to the purposes or object expressed in its charter, and this regardless of whether the incorporation is by special act of the legislature or under and in pursuance to the general law.

3. FRATERNAL BENEFIT SOCIETIES—*when by-laws void.* A by-law which is contrary to the charter of a fraternal benefit society is unauthorized and void.

4. FRATERNAL BENEFIT SOCIETIES—*when heirs of member not entitled to proceeds of certificate.* If the object or purpose of a fraternal benefit society in respect to deceased members is stated in the charter to be "to aid the families of deceased members," a pro-

vision in a by-law of such society to the effect that in a certain contingency the mortuary benefit might be paid to the heirs of the deceased, even though not members of the family of the deceased, is void, and such heirs are in no event entitled to the proceeds of the certificate.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed February 15, 1909. Rehearing denied March 4, 1909.

JOHN W. JEDLAN, for plaintiffs in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is error, to reverse a judgment in favor of defendant in error and against plaintiffs in error. The defendant in error, a fraternal benefit association, August 19, 1904, issued to Katerina Hubicka a certificate of membership in Premyslovna Lodge number 5 of the defendant order, providing that she should participate in the beneficiary fund of the order "to the amount of $600, which amount shall, at her death (proof of which shall be established as required by the laws of the order), be paid to Joseph and Mary Cunat," etc. Certain conditions are referred to in the certificate, which it is unnecessary to mention, as it was stipulated on the trial as follows:

"It is hereby stipulated and agreed by and between all the parties to the above entitled cause, that on the 19th day of August, A. D. 1904, the Jednota Cesky Dam was a fraternal beneficiary association organized and existing under the laws of the State of Ohio. That the Statute of Ohio governing said society and applicable to the cause reads as follows:

'Chapter 10, section 3630. * * * A company may be organized * * * for the payment of stipulated sums of money to the families, heirs, executors, administrators, or assigns of the deceased members

of such company or association, as the members may direct in such manner as may be provided in the by-laws   *   *   *   .'

"That on the 15th day of March, A. D. 1907, Katerina Hubicka, then being a member of Sbor Premyslovna No. 5, a subordinate lodge of said society governed by the same laws and by-laws, in good standing and entitled to the benefit of said society, died leaving her surviving John Cerny and Anna Borovansky, her only half brother and sister, plaintiffs in the above entitled cause who are alive, of the age of 21 years.

"That on the 19th of August, 1904, a benefit certificate for $600 was issued by the said society under the hands of the officers of said subordinate lodge to said Katerina Hubicka, making the death benefits payable to Joseph and Mary Cunat; that Mary Cunat was at the time of issuance of said death benefit certificate a first cousin to said Katerina Hubicka.

"Stipulation—that the by-laws of the defendant in error, applicable to the case at bar, are as follows:

'The mortuary benefit shall be $600, toward which all members pay according to the compensation made. To this amount the heirs specified in the certificate are entitled immediately after a member has been received, provided that all financial requirements have been paid   *   *   *   This mortuary benefit can be demanded only by her lawful heirs, that is, the husband and children. In case that there is not husband and children, the nearest next of kin shall have the right to make the demand within six months, if residing within the United States.'

"That the part of charter of the defendant in error applicable to the case at bar is as follows:

'The purpose for which said corporation is formed is to grant dispensation and charters to subordinate lodges, to promulgate laws for, and to supervise and regulate the actions and proceedings of, said subordinate lodges, and to promote uniformity of ac-

tion laws and rules therein, to promote friendship, charity and benevolence, to assist its members in sickness and distress, to aid the families of deceased members, and to perform all and singular the rights and duties of said corporation as prescribed by its by-laws and constitution, consistent with the laws of the State of Ohio.' "

The stipulation was read in evidence by the plaintiffs, who are plaintiffs in error here. The defendant, the Jednota Cesky Dam, paid to Joseph and Mary Cunat, the beneficiaries named in the certificate, the mortuary benefit, $600; but, about three months before doing so, the defendant received from the plaintiffs the following notice:

"To SBOR PREMYSLOVNA, No. 5, Jednota Cesky Dam,
 Chicago:

The undersigned, who are heirs at law of Katerina Hubicka, deceased, claim the benefit under the lodge beneficiaries certificate of said Katerina Hubicka, deceased, who was a member of your lodge.

And therefore kindly take due notice of this and not pay the same to the person named in said certificate, except as the law and statute in such case provides.                    JOHN CERNY,
         Brother of Katerina Hubicka, deceased.
                                              (X)
                   ANNA BOROVANSKY,
         Sister of Katerina Hubicka, deceased.
Witness to mark,
    JOSEPH L. VOBORSKY.
Chicago, March 26, A. D. 1907."

The plaintiffs introduced evidence tending to prove that John Cerny was the half-brother and Anna Borovansky the half-sister of Katerina Hubicka, deceased; and the defendant introduced evidence tending to prove that Katerina Hubicka was unmarried, had no family of her own, was a first cousin of Mary Cunat, and, at the time of her death, had lived in the family of Joseph and Mary Cunat for twenty-five years, and since she was a small girl, and that she died at their

house. The evidence also tends to prove that Katerina was treated in all respects by Joseph and Mary Cunat as if she were one of their children. The plaintiffs claim as the heirs of Katerina Hubicka, deceased.

The payment to Joseph and Mary Cunat, if wrongful, cannot affect the question whether the plaintiffs are entitled to recover.

The Ohio statute in evidence authorizes, in terms, the organization of a company "for the payment of stipulated sums of money to the families, heirs, executors, administrators or assigns of the deceased members of such company or association, in such manner as may be provided in the by-laws." But that which is designated in the stipulation as that part of the charter of the defendant in error applicable to the case at bar, and which purports to state its purposes, limits the purposes of the defendant in respect to pecuniary aid, by the words, "to assist its members in sickness and distress, to aid the families of deceased members," etc. It was entirely competent for the defendant to restrict the object of its benevolence to fewer than those named in the statute. Old People's Home Society v. Wilson, 176 Ill. 94.

In the present case, the object or purpose of defendant, in respect to deceased members, is stated in the charter to be "to aid the families of deceased members."

A corporation is limited to the purpose or object expressed in its charter. This is true whether the incorporation is by special act of the legislature, or under and in pursuance of a general law. People ex rel. v. Chicago Gas Trust Co., 130 Ill. 268; National Home B'g Ass'n v. Bank, 181 ib. 35; Best Brewing Co. v. Klassen, 185 ib. 37; Steele v. The Fraternal Tribunes, 215 ib. 190.

"The purpose for which a corporation is organized must be ascertained by reference to the terms of its charter." Distilling Co. v. The People, 161 Ill. 101,

103; Evanston Electric Illuminating Co. v. Kochersperger, 175 *ib.* 26.

A by-law which is contrary to the charter is unauthorized and void. 1 Morawetz on Corporations, 2nd ed. section 494.

Therefore, the provision in the by-law, contained in the stipulation in evidence, providing that, in a certain contingency, the mortuary benefit may be paid to the heirs of the deceased, even though not members of the family of the deceased, being contrary to defendant's charter, is unauthorized and void. The deceased had no family, within the meaning of the charter, so that plaintiffs could not have been members of her family. Neither did either of the plaintiffs ever live in the same family with the deceased, nor did either of them contribute anything toward her support, after she, when a young girl, came to this country.

John Cerny was the only witness for the plaintiffs, and he testified that Joseph and Mary Cunat, the beneficiaries named in the certificate of membership, were the sole supporters of the deceased. There is neither law nor equity in support of plaintiffs' claim.

The judgment will be affirmed.

*Affirmed.*