In re JEROME AVE. WOODLAWN CEMETERY, IN CITY OF NEW YORK

(Supreme Court, Appellate Division, First Department.　July 7, 1911.)

MUNICIPAL CORPORATIONS (§ 514*)—ASSESSMENT FOR BENEFITS—REVIEW BY COURTS—DETERMINATION AND EFFECT.

The report of commissioners assessing benefits was confirmed at Special Term, and the city appealed, and, from an order of the Appellate Division modifying and affirming the order of Special Term, an owner appealed to the Court of Appeals, which sustained the assessment, except as to those on certain lots, and remitted the proceedings to the Supreme Court for action in conformity therewith. This judgment was made the judgment of the Supreme Court, and the report sent back to the commissioners for revision, and the supplemental report of the commissioners, which exempted certain lots in accordance with the judgment and, as necessitated by the exemptions, made additional assessments on lots on which the original assessments had been sustained, was confirmed, and the owner appealed. On the second hearing the evidence tended to show that, between the confirmation of the original report and the making of the supplemental report, title to lots on which additional assessments were made had vested in the owner and had been put to a use exempt from assessments. *Held*, that the assessments made by the commissioners in their supplemental report was not a reassessment, that the validity of the assessments was to be determined as of the time of the first assessment, and that, as assessments then made had been held valid, the additional assessments on the same lots necessitated by the exemption of certain lots was valid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1207–1215; Dec. Dig. § 514.*]

Appeal from Special Term, New York County.

Application of the City of New York to condemn land necessary to change a portion of Jerome Avenue. From an order of the Special Term confirming the supplemental and additional report of the Commissioners of Estimate and Assessment in such proceeding, the Woodlawn Cemetery appeals. Affirmed.

See, also, 137 App. Div. 948, 123 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Benjamin Trapnell, for appellant.

James R. FitzGerald, for respondent.

McLAUGHLIN, J. This is an appeal by the Woodlawn Cemetery from an order of the Special Term overruling its objections to assessments levied against its property designated as benefit parcels Nos. 8, 23, 126, and 108A. The proceeding was instituted for the purpose of acquiring by condemnation the land necessary to change a portion of Jerome avenue. Pursuant to a resolution of the board of street opening and improvements, title in the land to be taken vested in the city on the filing of the oaths of the commissioners May 23, 1899. The report of the commissioners was signed on September 21, 1903. They awarded to the Woodlawn Cemetery, as damages for land taken, some twenty-odd thousand dollars and assessed it, for benefit on parcels Nos. 8 and 22, $17,613.85. Benefit parcel No. 8 included, with other lands, a portion of Jerome avenue

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as legally opened on June 21, 1870, which was closed by this proceeding. When the report of the commissioners of estimate and assessment finally came before the Special Term for confirmation, the same was confirmed in all respects, except as to the benefit assessed against the cemetery on parcels Nos. 8 and 22, and as to those assessments the same were stricken from the report. From this order an appeal was taken by the city to the Appellate Division, where the same was modified and the assessments for benefit reinstated on those parcels, and, as thus modified, affirmed. 120 App. Div. 201, 105 N. Y. Supp. 315. The cemetery thereupon appealed to the Court of Appeals, which modified the order of the Appellate Division by holding that parcel 22 was not liable to an assessment and only so much of parcel 8 was liable as was included in the bed of Jerome avenue which had been discontinued, and remitted the proceeding to the Special Term to proceed in the manner indicated in the opinion. 192 N. Y. 459, 85 N. E. 755. Upon the remittitur of the Court of Appeals, its judgment was made the judgment of the Supreme Court, and then the report was sent back to the commissioners for revision and correction. After hearings had, the commissioners, on the 17th of December, 1909, made what is termed a supplemental and additional report, which eliminated the assessment as to parcel 22 and all of parcel 8 except that which was formerly included in the bed of old Jerome avenue. The original assessment upon parcel 8 was $16,434.32, and in the supplemental and additional report this was reduced to $8,461.28. The elimination of the assessment on parcel 22 and part of parcel 8 necessitated an increased assessment for benefits upon all of the parcels legally liable for benefit assessments, and in making this distribution they imposed on that part of parcel 8 which was formerly included in the bed of Jerome avenue (designated in the supplemental and additional report as benefit map 108A) an assessment of $2,342.01. They also imposed on a parcel originally assessed to S. L. Valentine (benefit map 23) an additional assessment of $436.29 in the supplemental and additional report assessed to the Woodlawn Cemetery—designated benefit map 126. When the report of the commissioners came before the Supreme Court for confirmation, the objection of the cemetery to assessments against its property was overruled. On the 18th of January, 1911, the report was confirmed, and the cemetery appeals.

The appellant contends that so much of parcel 8 as has, in the supplemental and additional report, been assessed for benefits, is not liable to any assessment. Its contention in this respect is based upon the assertion that upon the rehearing before the commissioners the proof established that new Jerome avenue was physically opened for public travel on December 1, 1898, and at that time the title to the abandoned part of the old avenue vested in the cemetery; that the cemetery has been in actual possession of such abandoned parcel since June, 1903, and, at the time the supplemental and additional report was made, it was occupied and used for cemetery purposes. As to the parcel originally assessed to S. L. Valentine, and which was purchased by the cemetery in 1907, it is claimed that is not liable to any

assessment because, at the time the supplemental and additional report was made, it was being used and occupied for cemetery purposes; in other words, the appellant contends that the assessment now in question is a new assessment to all intents and purposes, the validity of which is to be determined as of the date when made.

Can it be treated as a new assessment? I think not. Its validity, as it seems to me, must be determined as of the date of the original assessment. The original report of the commissioners was approved in all respects by the Court of Appeals, except as to parcel 22 and a part of parcel 8. That court held that the assessment against parcel 22 was illegal and also all of part 8, except what was formerly included in the bed of old Jerome avenue, and as to that part it was subject to assessment. The court said:

"A different question is presented, however, as to that parcel of land which was formerly included within the lines of old Jerome avenue and which was abandoned as part of that highway. The learned court below has held, and we think correctly, that this tract was subject to assessment."

The elimination of the assessment for benefit made against parcel 22 and part of parcel 8 necessitated a redistribution of assessments for benefit upon all of the other parcels liable therefor, and to accomplish that result the Court of Appeals modified the order appealed from, as indicated in the opinion, and directed that "the proceeding should be remitted to the Special Term for action in conformity therewith." The judgment of the Court of Appeals having been made the judgment of the Supreme Court, when the matter came before the Special Term it could do nothing but send it back to the commissioners to do as the Court of Appeals had directed; and so the commissioners, when the matter came before them, had to follow the order of the Special Term, which they did. In the report they state:

"We have eliminated the assessment heretofore imposed by us on benefit parcel No. 22 and so much of the assessment heretofore imposed on benefit parcel No. 8 as is not imposed upon the land formerly included within the lines of Jerome avenue, as acquired in 1870, and that we have completed our supplemental and additional estimate of assessments for benefit made necessary thereby."

The original assessment on parcel 23 was confirmed in the original report. The validity of that assessment was not thereafter questioned, and the purchase by the cemetery of such parcel, intermediate the confirmation of the original report and the making of the supplemental and additional report, could not destroy that assessment or affect it in any way. If this be correct, then the original assessment on that parcel is valid as well as the assessment made in the supplemental report.

For the same reason the original assessment made upon that part of parcel 8 as was formerly included in the bed of old Jerome avenue is valid. If new Jerome avenue had, at the time such assessment was made, been actually thrown open to the public, then the appellant should have proved that fact before the commissioners. Not having done so, and the Court of Appeals having approved that part

of the assessment, it became valid and binding upon the cemetery, which could not thereafter be heard to say it was not a valid assessment, and being valid, in the redistribution of the assessments for benefit, such parcel had to bear its share of what was made necessary by the other reductions.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.