THEO. HAMM BREWING COMPANY v. NORTHWESTERN TRUST COMPANY.[1]

January 5, 1917.

Nos. 20,050—(185).

**Landlord and tenant — widening of street — payment of reassessment.**

> An agreement in a contract of lease, that the lessee shall pay all taxes and assessments levied against the property subsequent to the date when the lease takes effect, *held* to apply to a reassessment levied to raise a deficiency in an original assessment for street improvements.

The parties to a controversy submitted to the district court for Ramsey county an agreed statement of facts, pursuant to G. S. 1913, § 7920. The matter was heard by Brill, J., who ordered judgment in favor of the executor of the last will and testament of Martha A. Miller, deceased. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*W. W. Dunn* and *Norbert Willwerschied,* for appellant.
*O'Brien, Young & Stone,* for respondent.

BROWN, C. J.

This cause was submitted to the court below upon an agreed statement of facts as authorized by section 7920, G. S. 1913. Judgment was ordered and entered for defendant and plaintiff appealed.

[1]Reported in 160 N. W. 792.

The facts agreed upon, as disclosed by the stipulation of the parties, are substantially as follows:  On June 14, 1912, Martha A. Miller, widow, and her son, were the owners of certain real property fronting on Robert street in the city of St. Paul.  On that day they leased the same to plaintiff herein for the term of 99 years from and after April 1, 1915.  The lease contained the usual covenants and agreements in reference to rents to be paid, the condition of the premises and the repairs thereof, and among others a stipulation that the lessee "shall pay all taxes and assessments hereafter to be levied or assessed against said premises, subsequent to the first day of April, 1915."

Plaintiff entered upon the premises on the first day of April, 1915, and now holds possession thereof under the lease.  Mrs. Miller and her son, the lessors, have both died and defendant, Northwestern Trust Company, has control of the property as the executor of the will of Mrs. Miller.

Subsequent to the date of the lease, but prior to April 1, 1915, when it took effect, the proper authority of the city of St. Paul duly made and entered an order for the widening of Robert street, upon which this property fronts as heretofore stated, and such proceedings were had in that behalf that this property was assessed something over $30,000, for benefits accruing thereto from that improvement.  The assessment was paid by the Millers.  A number of property owners who had been awarded damages for the widening of the street appealed from the award, and a trial in the district court resulted in a substantial increase of damages to be paid.  The scheme of the improvement required the cost and expense thereof, including damages, to be paid by the benefited property, and the increase of the damages created a deficiency and necessitated a reassessment of benefited property to meet the same. Accordingly in November, 1915, more than six months after the lease took effect and after plaintiff thereunder had entered into possession of the property, an order of reassessment was duly made, by which an additional amount was levied against this property, namely, $2,857.66, to meet its proportion of such deficiency.

When the payment of the assessment became due a controversy arose as to whether the lessee was, under the terms of the lease above quoted, liable therefor, or whether it must be paid by the lessors.  The issue was submitted to the court upon the facts stated, and was solved by impos-

ing the liability upon the lessee. The only question presented to this court is whether the trial court was correct in that conclusion.

It is the contention of plaintiff that the provisions of the lease, imposing upon the lessee the payment of taxes and assessments levied against the property, do not include an assessment made under the facts as here disclosed. The contention is based upon the theory that the additional assessment, to make up the deficiency caused by the increased damage awards, was a part of the original proceeding, a completion thereof and not, within the meaning of the contract, such an assessment as was within the contemplation of the parties when the contract was entered into. This theory, and the argument based thereon, is plausible, but not persuasive or convincing. It conflicts with the express language of the contract, and in our view of the proper construction thereof cannot be adopted. The record contains nothing to indicate that the widening of Robert street, and the probable assessment against this and other benefited property, was before the parties when the lease was made and the terms thereof agreed to, and it is clear that they did not have that or any other particular assessment in mind when they reduced the contract to writing. The language of the lease, imposing upon the lessee the obligation to pay all assessments levied against the property after the lease took effect, must therefore be construed as having been intended to cover any and all assessments lawfully levied by public authority after that date. This assessment was so levied. And though the purpose thereof was to raise an additional amount of money to defray the cost and expense of the street improvement, rendered necessary by the increased damage awards, and in a sense a part of the original proceeding, it was in fact an independent proceeding, based upon facts subsequently arising, and comes clearly within the contract. Plaintiff is therefore liable. This conclusion is supported on principle by Shephardson v. Elmore, 19 Wis. 446. The authorities cited by plaintiff are not in point. In re Jerome Avenue (Woodlawn Cemetery), 145 App. Div. 865, 130 N. Y. Supp. 609, is distinguishable in its facts. That case did not involve contract stipulations between parties to the litigation, but presented the question whether the property there before the court was exempt from the additional assessment, the same having been levied subsequent to the time the cemetery association became

the owner of the property. In the case at bar the question is one of contract between the parties, and the result must necessarily rest upon the construction to be given their written agreement. That agreement imposed upon plaintiff, the lessee, the obligation to pay "all assessments" levied against the property after April 1, 1915. The court cannot add to or qualify this plain language, and it must be enforced as written.

Judgment affirmed.