## STATE v. CHARLES ABDO.[1]

May 19, 1922.

No. 22,828.

**Conviction for sale of intoxicating liquor—new trial not required by failure to charge in absence of request to instruct.**

Defendant admitted obtaining liquor for complaining witness for money, and asserted he did so as agent or messenger. Court submitted to jury whether defendant furnished and sold the liquor as charged in the indictment. *Held*; In view of the evidence and in absence of request for instruction that defendant was acting as agent or messenger of complainant, he was not entitled to such instruction or to a new trial for failure to give it. [Reporter.]

Defendant was indicted by the grand jury of Blue Earth county charged with the crime of selling intoxicating liquor contrary to statute, tried in the district court for that county before Comstock, J., and a jury which found him guilty as charged in the indictment. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*C. O. Dailey*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E Markham*, Assistant Attorney General, and *Charles E. Phillips*, County Attorney, for respondent.

PER CURIAM.

Defendant was indicted, tried and convicted of selling and disposing of intoxicating liquor, contrary to the form of the statute. He was sentenced to 30 days in the county jail and to pay a fine of $150. From a judgment entered in accordance therewith he appeals.

Defendant went upon the stand at the trial as a witness in his own behalf. He admitted having procured for and furnished to the complainant one-half pint of alcohol, for which he received $3 at the time and place mentioned in the indictment. As we understand, his defense upon the trial was that in procuring and furnishing the liquor he acted as the agent or messenger of the complaining witness, in good faith and without any profit to himself, and that under the provisions of section 13, chapter 23, p. 30, Laws of 1915, as construed in the case of State v. Provencher, 135 Minn. 214, 160 N. W. 673, Ann. Cas. 1917E, 598, he committed no offense. We

[1]Reported in 188 N. W. 274.

do not so understand the charge in the indictment, nor the trend of the proofs in the record. The complaining witness testified that "I asked him if I could get some booze off from him, and he said 'yes', and he asked me how much I wanted. I told him half a pint. I says I would like to get it about 7:00 or 7:30 tonight. He says, 'All right, be around here and I will have it for you.'" The arrangement was carried out, the defendant furnished a half-pint of alcohol, put it into complainant's automobile and received $3 therefor, when the officers appeared and placed him under arrest.

Defendant urges that he should be granted a new trial upon the ground that the court erred in not instructing the jury as to the defense, that he was acting as a mere agent or messenger of the complainant in furnishing the liquor. The defendant did not request such an instruction, nor do we think the proofs required it. The trial court fully and we think fairly submitted to the jury whether the defendant furnished and sold to the complaining witness, liquor as charged in the indictment. G. S. 1913, § 3188, provides that "The terms 'sell' and 'sale' shall include barters, gifts and all means of furnishing liquor in violation or evasion of law."

In our view of the evidence the guilt of the defendant is as certain as though upon arraignment he had pleaded guilty to the charge contained in the indictment. We find no reversible error in the charge.

Affirmed.