**LIBERTY OIL CO., Limited, v. JOY et al.**

No. 14243.

Court of Appeal of Louisiana.   Orleans.

Oct. 16, 1933.

Michael M. Irwin, of New Orleans, for appellant.

Francis P. Burns, of New Orleans, for appellees.

JANVIER, Judge.

We are called upon to construe a clause contained in a written lease and to determine whether the said clause placed upon the tenant the obligation of paying certain paving charges levied upon the leased property. The said clause required that the tenant should pay "* * * All federal, state, parish, city, drainage and any other taxes or assessments that may be lawfully levied by any taxing authority against the property herein leased."

For a full statement of the controversy see the original opinion rendered by us in this matter, 147 So. 375.

The liquidators of the former tenant, which was a corporation, claimed from the owners certain amounts which the said former tenant had paid to the city as paving charges, and the said liquidators contend that the said clause should not be interpreted or construed as placing upon the tenant the obligation of paying such charges. The former tenant, so the liquidators aver, had paid the said amounts in error.

Defendants admit that under article 2702 of the Civil Code of Louisiana "the lessor, and not the lessee, unless there be a stipulation to the contrary, must bear all the real charges with which the thing leased is burdened."

They assert, however, that the clause to which we have referred and which was contained in the lease constitutes "a stipulation to the contrary."

Our original opinion shows that we felt that the clause in question may, on its face, have been ambiguous, but that the fact that for several years the former tenant had itself paid the said charges indicated that it had interpreted the said clause as placing upon it the duty of paying the charges, and we said that, since the parties had themselves placed an interpretation on the contract, we would accept that interpretation.

On application for rehearing we were advised that, although it did not so appear in the record, the former tenant had protested at being required to make the said payments, and we felt that, if proper protest could be shown to have been made, it would not be correct to say that the said tenant had by acquiescence placed on the said clause an interpretation onerous to itself.

In the district court there was judgment dismissing the suit on exception of no cause of action, the judge a quo being of the opinion that paving charges are necessarily contemplated in the words "any other * * * assessments that may be lawfully levied by any taxing authority, * * *" and that therefore, since the tenant had paid only what it was obligated by the lease to pay, there could be no claim against the owners of the property for reimbursement.

The contention of the plaintiffs, as we stated in the original opinion, is that it was not contemplated by the parties, at the time the lease was entered into, that such special and unusual charges as those involved here were to be paid by the tenant, but that, by the words any other taxes or assessments, the parties intended to include only such annual costs of government as might, through the medium of taxes, be by the taxing authorities placed upon the shoulders of the property owner, and that in the sense in which the words are used assessments and taxes are synonymous.

Plaintiffs also maintain that, even if the word "assessments" can be said to include paving charges, still the contract did not place upon the tenant the obligation to pay these paving charges because, it is not all assessments which under the said clause the tenant must pay, but only those "levied by any taxing authority"; the point sought to be made being that, when paving charges are levied by the city of New Orleans, the said municipality makes the said charges under its police power in order to maintain its streets, and does not, in so doing, act as "a taxing authority." ·

■■ We shall first consider the argument that the word "assessments" cannot be interpreted as including paving charges.

There is contained in section 46 of Act No. 105 of 1921 (Ex. Sess.) p. 222, the following: "The Commission Council shall have power and it shall be its duty to levy and collect, in the manner hereinafter prescribed, a special assessment against property owners for their portion of the cost of paving. * * *"

The said statute constitutes the charter of the city of New Orleans. It was in effect at the time the lease in question was entered into, and it thus appears that the word "assessment" is, by the charter of the city of New Orleans, the term applied to a charge made by the city for paving.

In section 13 of article 10 of the Constitution of 1921 of the state of Louisiana the word "assessment" is used to designate those special charges which cities may make: "* * * For the purpose of constructing, paving, surfacing or otherwise improving roads, streets, sidewalks, alleys, sewers, or other similar works of public improvement. * * *"

We reach the conclusion that the parties to the lease intended to distinguish between "taxes" which are the charges made for the annual cost of the government and "assessments" which are made for special local purposes, such as paving, etc. It cannot be assumed that the word "assessments" was included merely through carelessness, and we must believe that it was inserted ex industria and was intended to cover other charges than those which would have been within the contemplation of the word "taxes." Where such a word is expressly used in a statute, and parties contract and use such a word, it must be assumed that they intended to use it in the sense in which it is used in the statutes applicable.

We note that with reference to another portion of the property of the owners the tenant assumed the obligation of paying the taxes and did not agree to pay the assessments on that other property.

We believe that the clause in question includes in the word "assessments" such charges as are involved here.

Our conclusion that the word "assessments" includes such special charges as those made for paving is the same as that which has been reached by many courts elsewhere.

In Longmore v. Tiernan, 3 Pittsb. R. 62, the court said: " * * * An assessment under the Paving Act to defray the expenses of improving a street is not commonly, if ever, called a tax. In common parlance, it is usually called a 'paving lien,' and sometimes, perhaps, 'an assessment for grading and paving.' "

In Milligan v. E. R. Darlington Lumber Company, 145 Ill. App. 518, the tenant assumed the obligation of paying "all taxes and assessments." When the question of the obligation of paying for paving was raised, the court said: " * * * by the terms of the lease here involved the lessee agreed to pay all taxes and assessments. * * * The use of both words in the lease clearly indicates that it was within the contemplation of the parties that the lessee should pay all charges which might be imposed upon the premises for either of the purposes indicated."

In Walker v. Whittemore, 112 Mass. 187, it was contended that certain charges for "betterments" were not within the contemplation of the lease under which the tenant had assumed the obligation of paying "all and singular the taxes, rates, charges, and assessments," etc. The court said: "These words are sufficient to cover, and must have been intended to cover, all possible forms of taxation."

Counsel for defendants has with commendable industry cited many cases, all of which seem to hold that special assessments for local improvements are within the contemplation of a lease containing such a clause as that now before us. These cases are: Oswald v. Gilfert, 11 Johns. (N. Y.) 443; Miller v. Lankard, 1 Pittsb. R. 75; Borgman v. Spellmire, 7 Ohio S. & C. P. Dec. 344, 4 Ohio, N. P. 416; Griffen, Smith & Co. v. Phoenix Pottery Co., 14 Weekly Notes Cas. (Pa.) 266; Shepardson v. Elmore, 19 Wis. 424; Boulton v. Blake, 12 Ontario Rep. 532; Wilder's Estate v. Inter-Island Steam Nav. Co., 25 Hawaii, 178; Bindley v. Pittsburg, 25 Pa. Dist. R. 1051; Arthur v. Harty, 17 Misc. 641, 40 N. Y. S. 1091; New York v. Cashman, 10 Johns. (N. Y.) 96; Hamm Brewing Co. v. N. W. Trust Co., 135 Minn. 314, 160 N. W. 792; Payne v. Burridge, English Rep. (Full Reprint) Vol. 152 (8 Exch. Div.) 1391; Thompson v. Lapworth, English Law Rep. C. P. Cases, Vol. III, 149; Brett v. Rogers, 1 Queen's Bench 525 (1897) Law Reports; Budd v. Marshall English Law Reports, C. P. Div. 5, 481 (1880); Wix v. Ruston, 1 Queen's Bench (1899) 474.

■ Nor do plaintiffs fare better when we consider the second contention, which is that the city in making paving charges does not act as a taxing authority. Again we refer to the Constitution of 1921, and in section 5 of article 10 we find: "Parochial and municipal corporations and public boards may exercise the power of taxation * * * under authority granted to them by the Legislature for parish, municipal and local purposes, strictly public in their nature."

It thus appears that the Constitution itself has conferred upon municipal authorities the right to exercise the power of taxation for local purposes. Paving is manifestly a "local purpose." It follows that, when the city of New Orleans enforces paving assessments, it does so as a "taxing authority."

Having reached the conclusion that the clause of the lease placed upon the tenant the duty of making payment of the paving charges, it, of course, follows that plaintiffs cannot recover back those charges, since in paying them the tenant did only what by its contract it was required to do.

It also follows that we need not consider the other contentions urged by defendants.

Our original decree is reinstated and made the final judgment of this court.

. Original decree reinstated.